UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MAURO JOHNNY P. P., | Case No. 26-cv-204 (LMP/DJF) |
| Petitioner, | |
| v. | **ORDER** |
| TODD LYONS, *in his capacity as Acting Director, Immigration and Customs Enforcement*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; PAMELA BONDI, *U.S. Attorney General*; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and DAVID EASTERWOOD, *Field Office Director of St. Paul Field Office for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations*, | |
| Respondents. | |

---

Petitioner Mauro Johnny P. P. is a native and citizen of Ecuador who entered the United States in December 2022. *See* ECF No. 1 at 11–12. Mauro Johnny P. P. was arrested by immigration officials on January 12, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *See id.* at 12. Mauro Johnny P. P. alleges that he is being detained pursuant to 8 U.S.C. § 1225(b)(2), which mandates his detention. *See id.* at 2. Mauro Johnny P. P. alleges that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See id.* at 3.

This Court has concluded that noncitizens similarly situated to Mauro Johnny P. P. are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are entitled to a bond hearing under 8 U.S.C. § 1226(a).  *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). Mauro Johnny P. P. raises the same legal issues and largely requests the same relief granted in those cases—namely, an order requiring Respondents (the "Government") to conduct a bond hearing.  *See* ECF No. 1 at 16.

This Court will not depart from its reasoning in *Roberto M. F.* and *Victor Hugo D. P.* Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government is directed to file an answer to the Petition for a Writ of Habeas Corpus (ECF No. 1) on or before Friday, January 16, 2026, certifying the true cause and proper duration of Mauro Johnny P. P.'s confinement and showing cause why the writ should not issue in this case.

2. The Government's answer must include:

   a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Mauro Johnny P. P.'s detention in light of the issues raised in his Petition;

   b. A reasoned memorandum of law and fact explaining the Government's legal position on Mauro Johnny P. P.'s claims;

   c. The Government's recommendation on whether an evidentiary hearing should be conducted; and

      d.    A good-faith argument as to whether—and if so, why—this matter is *materially* distinguishable, either factually or legally, from *Roberto M. F.* or *Victor Hugo D. P.*

3. If Mauro Johnny P. P. intends to file a reply to the Government's answer, he must do so on or before Wednesday, January 21, 2026.[1]

4. No further submissions from either party will be permitted except as authorized by Court order.

5. The Government must provide notice to Mauro Johnny P. P. and this Court of its intention to move Mauro Johnny P. P. outside this District no less than 72 hours before any such movement is to be effectuated.

6. The Government is not to remove Mauro Johnny P. P. from the United States during the pendency of these proceedings.

Dated: January 13, 2026                     *s/Laura M. Provinzino*
Time: 11:01 a.m.                           Laura M. Provinzino
                                                  United States District Judge

---

[1] The Court reserves the right to grant Mauro Johnny P. P.'s petition before Mauro Johnny P. P. files his reply brief if the Government's response plainly demonstrates that Mauro Johnny P. P. is entitled to relief.

3